[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12133
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 29, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cr-00112-MEF-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHIRENE Q. WALLACE,
a.k.a. Shirene Cummings,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 29, 2011)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Shirene Wallace appeals her convictions for conspiracy to commit bank

fraud, in violation of 18 U.S.C. § 1349, and bank fraud, in violation of 18 U.S.C. § 1344. On appeal, Wallace argues that she should be allowed to withdraw her guilty plea because her trial counsel was ineffective. For the reasons set forth below, we affirm Wallace's convictions.

## I.

Wallace pleaded guilty pursuant to a written plea agreement. At her change of plea hearing, she was placed under oath, and she testified that she had discussed her plea agreement with her attorney before signing it, was satisfied with her attorney's representation and advice, and understood the terms of the plea agreement. At sentencing, the district court accepted Wallace's guilty plea and written plea agreement. Wallace stated that she and her attorney had reviewed the presentence investigation report ("PSI"), and while making objections to the PSI, her attorney noted that he did not have the most recent copy of the PSI with him. Wallace's attorney had objected to an enhancement based on the number of victims. However, he withdrew the objection because, based on information the government had provided prior to sentencing, the enhancement was proper.

## II.

We review a claim of ineffective assistance *de novo*. *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002). We generally will not "consider

2

claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record." *Id.*

Because the district court did not consider whether Wallace's trial attorney's assistance was ineffective, there is no factual record for us to review. *See id.* Moreover, the plea colloquy and sentencing transcripts do not provide a sufficient record on which we could find ineffective assistance. Wallace testified during the plea colloquy that she had reviewed the plea agreement with her attorney before signing it and that she was satisfied with his representation and advice. Although her attorney stated at sentencing that he did not have the most recent version of the PSI with him, he did not state that he had not received the most recent version or that he had not reviewed the most recent version with Wallace. Additionally, he withdrew his sentencing objection based on information the government had provided before sentencing. We cannot presently determine whether this decision was warranted because there is no record establishing what the information was. Accordingly, we decline to consider Wallace's ineffective assistance claims until the district court has had the opportunity to develop a factual record.

For the foregoing reasons, we affirm Wallace's convictions.

**AFFIRMED.**